AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Joseph Clifton JOHNWELL<br><br>Defendant(s) | Case No. 2:15-mj-540 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __8/23/2015__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 United States Code Sections 841(a)(1) and 846 | Conspiracy to Possess with the Intent to Distribute a Controlled Substance, TO WIT: cocaine and methamphetamine |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Scott Sundquist, Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: __8/24/2015__

_____
Judge's signature

City and state: __Columbus, Ohio__   Terence P. Kemp U.S. Magistrate Judge
_____
Printed name and title

I, Scott Sundquist, being first duly sworn, deposes and states the following:

## INTRODUCTION

1. Your Affiant is a sworn Special Agent with the United States Drug Enforcement Administration (DEA), Columbus District Office. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, in that your Affiant is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. Your Affiant has been a Special Agent with DEA since July of 2002. Your Affiant has been assigned to the Columbus Field Office since April of 2005, where your Affiant has been involved with narcotics investigations. Prior to Columbus Field Office, your Affiant was assigned to the DEA Detroit District Office for approximately 2 years. Prior to becoming a Special Agent with DEA, your Affiant served as a police officer with the East Hempfield Township (PA) Police Department for approximately 13 years. Prior to that, your Affiant was a police officer with the Lancaster (PA) Division of Police for approximately one and a half years. In addition to attending DEA Basic training Academy in Quantico, Virginia, your Affiant has attended various narcotics investigative training courses, which were instructed by DEA.

3. Your Affiant has participated in and conducted numerous investigations of violations of various State and Federal criminal laws, including the unlawful possession with intent to distribute controlled substances, the distribution of controlled substances and conspiracy to possess with the intent to distribute and distribute controlled substances, in violation of Title 21, United States Code. These investigations have

resulted in arrests of individuals who have possessed with the intent to distribute and distributed marihuana, cocaine, cocaine base, heroin, and MDMA as well as other controlled substances. These various investigations have also resulted in seizures of illegal drugs and proceeds from the distribution of those illegal drugs.

4. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as information provided to me by other law enforcement officers.

5. This affidavit is being submitted in support of an application for a criminal complaint against **JOSEPH CLIFTON JOHNWELL** and **JOSE JIMENEZ-SANDOVAL.** Your Affiant has probable cause to believe that on or about August 22, 2015 through August 23, 2015, in the Southern District of Ohio, **JOSEPH CLIFTON JOHNWELL** and **JOSE JIMENEZ-SANDOVAL,** conspired to distribute METHAMPHETAMINE and COCAINE, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Your Affiant has set forth only those facts that your Affiant believes are necessary to establish probable cause to arrest **JOSEPH CLIFTON JOHNWELL.** and **JOSE JIMENEZ-SANDOVAL.**

### BACKGROUND

6. On August 22, 2015, DEA Task Force Officer (TFO) Lane Ming conducted a(n) consensual encounter with **JOSEPH CLIFTON JOHNWELL (JOHNWELL)** at the Amtrak train station in Galesburg, Illinois. **JOHNWELL** consented to a search of his luggage and person. TFO Ming located approximately 1207 gross grams of suspected cocaine and approximately 1,571 gross grams of suspected methamphetamine secreted in two carry-on bags. JOHNWELL was advised of his Miranda Warnings and

agreed to speak with agents without the presence of an attorney. **JOHNWELL** provided, in substance, the following information.

7. **JOHNWELL** stated that he had been previously contacted by an Hispanic male whom he was previously incarcerated with. This H/M, who was released and deported back to Mexico and calling from a Mexico number, inquired about whether **JOHNWELL** wanted to make some money. Out of financial necessity, **JOHNWELL** agreed to transport several packages of narcotics from the Oakland, California region to Columbus, Ohio. **JOHNWELL** stated that he met with "Jose LNU" in metro Oakland, California where he received these two packages of drugs.

8. **JOHNWELL** then started communicating with a(n) H/M known to **JOHNWELL** as "Lalo" to telephone number "540-577-9167" (the target number). Through a series of text messages, **JOHNWELL** was directed by "Lalo" to go to 5200 West Pointe Plaza (the West Pointe Plaza address) in west Columbus, Ohio, within the Southern District of Ohio. **JOHNWELL** was supposed to be compensated with $1,000.00 in U.S. Currency at the time of the transfer and was to receive an additional $1,500.00 a day later.

9. After **JOHNWELL** was arrested, he agreed to assist agents in a **controlled delivery** of the narcotics described above. Through additional recorded telephone calls and text messages, **JOHNWELL** was directed by "Lalo" to proceed to the West Pointe Plaza address.

10. On August 23, 2015, agents placed the two bags that contained no narcotics inside an undercover official government vehicle (OGV) and placed it on the parking lot of the West Point Plaza address. Agents placed several text messages from

JOHNWELL's telephone to the target telephone advising "Lalo" he was present at the West Pointe Plaza address. "Lalo" advised JOHNWELL that they were in route to his location. Lalo further advised JOHNWELL that they would be operating a silver Nissan.

11. A short time later agents observed the Nissan arrive at the West Pointe Plaza address. Agents further observed a male, who was later identified as Jose **JIMENEZ-SANDOVAL (JIMENENZ-SANDOVAL)**, exit the Nissan and approach **JOHNWELL** who was standing outside the undercover vehicle. Agents observed the two men hug and **JIMENEZ-SANDOVAL** take a red back pack containing the fake kilogram of drugs. **JIMEMEZ-SANDOVAL** took the item to the Nissan and placed it in the trunk, then returned to the undercover vehicle where he was arrested.

12. Immediately following, TFO John Baer advised **JIMEMEZ-SANDOVAL** of his Miranda Warnings in Spanish. **JIMEMENZ-SANDOVAL** agreed to speak with TFO Baer and further consented to a search of his telephone. In sum and substance, **JIMEMNEZ-SANDOVAL** provided the following information. He stated that he was contacted by a third party in Mexico regarding a favor. This third party placed him in touch with an unknown H/M who was utilizing telephone number "540-577-9167" (the target telephone).

13. This unknown H/M directed **JIMENENZ-SANDOVAL** to go and meet with this third party, pay him $1,000.00 and then pick up a package. **JIMEMENZ-SANDOVAL** acknowledged that he knew that he was picking up drugs, but did not know how much. **JIMENEZ-SANDOVAL** was also in possession of $1,000.00 in U.S. Currency at the time of his arrest. A brief review of **JIMENEZ-SANDOVAL's** cellular

telephone corroborated this information to include text messages and telephone calls to the target telephone.

## CONCLUSION

14. Based on information contained in this affidavit, your Affiant has probable cause to believe that, between August 22, 2015 and August 23, 2015, in the Southern District of Ohio, **JOSEPH CLIFTON JOHNWELL** and **JOSE JIMENEZ-SANDOVAL** did conspire to distribute cocaine and methamphetamine, both Schedule I controlled substance(s), in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Further your Affiant sayeth not.

Scott Sundquist
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
This 24th day of August 2015

Terence P. Kemp

U.S. Magistrate Judge